UNTIED STATES DISTRICTR COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIE HARFOUCHE, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:20-cv-3555 |
| | § | |
| DOROTHY MARKS a/k/a | § | |
| DOROTHY LEATH a/k/a | § | |
| KATHLEEN MARKS a/k/a | § | |
| KATHY LEATH, individually and | § | |
| d/b/a PSYCHIC UNIVERSE d/b/a | § | |
| PSYCHIC LOVE CENTER d/b/a | § | |
| PYSCHIC READING d/b/a | § | |
| BEST TEXAS PSYCHIC READER | § | |
| d/b/a PSYCHIC REALM OF | § | |
| MCKINNEY AVENUE d/b/a | § | |
| PSYCHIC ANN NEWMAN & | § | |
| ASSOCIATES d/b/a GARLAND | § | |
| PSYCHIC, DILLION EVANS, | § | |
| VALERIE WILLIAMS, | § | |
| And SONYA ADAMS | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**COMES NOW, Elie Harfouche**, hereinafter referred to as "Plaintiff",

complaining of Dorothy Marks a/k/a Dorothy Leath a/k/a Kathleen Marks

a/k/a Kathy Leath, individually and d/b/a Psychic Universe d/b/a Psychic Love

Center d/b/a Psychic Reading d/b/a Best Texas Psychic Reader d/b/a Psychic

Realm of McKinney Avenue d/b/a Psychic Ann Newman & Associates d/b/a

Garland Psychic ("Marks Defendants"), Dillion Evans, Valerie Williams, and Sonya Adams (collectively, "Defendants") and would show the following:

## I.
## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction under 28 U.S.C. section 1331 because this action arises under the laws of the United States, and 18 U.S.C. section 1964(c), because this action alleges violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1962.

2.      Venue is proper in this District pursuant to 28 U.S.C. section 1391(b) in that a substantial part of the events giving rise to the claims alleged herein occurred within this District. Venue is also proper pursuant to 18 U.S.C. section 1965.

## II.
## PARTIES AND SERVICE

3.      Plaintiff Elie Harfouche is a citizen and resident of the State of California.

4.      Defendant Dorothy Marks a/k/a Dorothy Leath a/k/a Kathleen Marks a/k/a Kathy Leath is a citizen and resident of the State of Texas, and may be served at her residence, 502 Brawner Pkwy, Corpus Christi, Texas 78411, or wherever she may be found.

5.      Defendant Dorothy Marks is also doing business as Psychic Universe and Psychic Love Center which has a physical location of 4620 Spalding, Plano, Texas 75024. It may be served at this location or Ms. Marks' residence, 502 Brawner Pkwy, Corpus Christi, Texas 78411, or wherever Ms. Marks may be found.

PLAINTIFF'S ORIGINAL COMPLAINT

6.      Defendant Dorothy Marks is also doing business as Psychic Reading and Best Texas Psychic Reader which may be served at Ms. Marks' residence, 502 Brawner Pkwy, Corpus Christi, Texas 78411, or wherever Ms. Marks may be found.

7.      Defendant Dorothy Marks is also doing business as Psychic Realm of McKinney Avenue which has a physical location of 2821 McKinney Ave., Dallas, Texas 75204. It may be served at this location or Ms. Marks' residence, 502 Brawner Pkwy, Corpus Christi, Texas 78411, or wherever Ms. Marks may be found.

8.      Defendant Dorothy Marks is also doing business as Psychic Ann Newman & Associates which has a physical location of 5803 E. Mockingbird Ln, Dallas, Texas 75206. It may be served at this location or Ms. Marks' residence, 502 Brawner Pkwy, Corpus Christi, Texas 78411, or wherever Ms. Marks may be found.

9.      Defendant Dorothy Marks is also doing business as Garland Psychic which has a physical location of 1609 Patton Dr., Garland, Texas 75042. It may be served at this location or Ms. Marks' residence, 502 Brawner Pkwy, Corpus Christi, Texas 78411, or wherever Ms. Marks may be found.

10.     Defendant Dillion Evans is a citizen and resident of the State of Texas, and may be served at his residence, 7985 Briaridge Rd, Dallas, TX 75248, or wherever he may be found.

11.     Defendant Valerie Williams is a citizen and resident of the State of Texas, and may be served at her residence, 4620 Spalding, Plano, Texas 75024, or wherever she may be found.

**PLAINTIFF'S ORIGINAL COMPLAINT**

12.     Upon information and belief, defendant Sonya Adams is a citizen and resident of the State of Texas and may be served wherever she may be found.

### III.
### STATEMENT OF FACTS

13.     On or about April 19, 2020, Plaintiff Elie Harfouche was struggling with a myriad of personal problems. As Elie attempted to fight out of the fog of everything going on, he came across a post for a popular spiritual advisor. Elie contacted @psychicuniverse1111 on Instagram, a social media platform where individuals can interact with spiritual advisors. "Psychic Ann", a pseudonym adopted by Dorothy Marks, answered the post for @psychicuniverse1111 and the two set up a reading to occur that night in exchange for $35.00.

14.     Right from the beginning, Psychic Ann and/or Psychic Reading sensed blood in the water. She quickly ascertained that Elie had gone through a breakup and predicted that "negativity" was the culprit. This is when the fraud and extortion began.

15.     Psychic Ann told Elie that she would need to perform various rituals and prayers to fix Elie's relationship. If he did not pay her $5,500.00 for the rituals, Elie was told that he would lose his girlfriend to another man forever. Psychic Ann said they needed to act fast and even promised a money-back guarantee if the two were not reunited within ten days. Relying on this guarantee, Elie sent Psychic Ann various payments across multiple mobile payment applications. Of these various payments, Psychic Ann instructed Elie to send two payments to an account in the name of Defendant Adams.

**PLAINTIFF'S ORIGINAL COMPLAINT**

16.     Psychic Ann's prediction of a unification within ten days did not come to fruition. Despite this, Psychic Ann and her business associate, "Samantha", set up three daily "prayers" starting the next week in order to remedy the situation. Unfortunately, rather than following through with their promise of success or a refund, Psychic Ann and Samantha doubled down on their extortion plot.

17.     This time, Elie was told that unless he spent $25,000.00 to reserve precious stones to meditate on from a church facility, his mother would get terminal cancer. Worried that he would be the cause of his mother's death, Elie frantically started driving to the bank. When Psychic Ann and Samantha realized that Elie was on his way to the bank, they recognized that they could defraud Elie out of even more money and explained that Elie needed to get two stones at a total price of $55,000.00. By spending $55,000.00, Elie would save his mother and get enough "energy" for him and his girlfriend. Both Psychic Ann and Samantha once again utilized high pressure tactics designed to trick Elie into making an impulse decision. If he did not act quickly, they could "see" Elie's ex-girlfriend becoming friendly with another man. Worse yet, the psychics foresaw that Elie's love would not only end up with another man, but that man would begin to domestically abuse her and impregnate her against her will.

18.     To move the ball across the goal line, Psychic Ann represented to Elie that the $55,000.00 payment was a deposit and would be returned when the work was over. Relying on this representation, Elie agreed to send Psychic Ann the $55,000.00 payment. For reasons not completely clear to Elie, Psychic Ann again instructed Elie to send the money not to her directly, but to wire it to a bank account belonging to Defendant Evans.

**PLAINTIFF'S ORIGINAL COMPLAINT**

5

19.     Soon after making this payment, Elie was treated like a VIP to make sure he did not ask for his deposit back. He was given an exclusive phone line, was contacted multiple times a day, and was even told what to text his ex-girlfriend.

20.     Months later, Elie and his girlfriend reconnected through no doing of Psychic Ann. Realizing that Elie would not need their services anymore for issues related to his girlfriend, Defendants switched gears and centered back onto Elie's mother. Defendants needed two more cashier's checks to pray for Elie's mother's energy so that she would not succumb to a deadly disease. Defendants pointed out that Elie was back with his girlfriend and his mother had been healthy up to now. Elie, who was still in a vulnerable state and who had just reunited with his girlfriend sent one more check under the belief that he had to in order to protect his mother.

21.      As time progressed, Elie felt confident in his mother's health and began asking for his deposits back as Defendants had promised. Almost immediately, Defendants became harder and harder to contact. When Defendants did respond to Elie, they promised that they were close to sealing the energy and it would just be a little more time. After a couple months of deflection and delays, Elie came to the realization he had been scammed.

22.     Elie began trying to find additional numbers for Psychic Ann and what he found was alarming. The number he had used to reach Psychic Ann, was connected to multiple "businesses" run by the same person or run by one of Dorothy Marks' aliases. This included Psychic Realm of McKinney Ave., Best Texas Psychic Reader, and Psychic Ann Newman & Associates. Further research showed that as negative reviews piled up for existing businesses, Psychic Ann would start sending new incoming inquiries to new dbas, including but not limited to Garland Psychic.

## IV.
## CAUSES OF ACTION

### A.   *Count One – The Association-in-Fact Enterprise – Violation of 18 U.S.C. Section 1962(c)*

23.     Plaintiff incorporates as though fully set forth herein, each allegation contained in paragraphs 1 through 20 above.

24.     For years, Defendants and others, named and unnamed, used the enterprise to commit, promote, and manage the offenses of fraud and extortion, and used the mail or any facility in interstate commerce to promote unlawful activity, in violation of 18 U.S.C. Section 1952.

25.     As set forth herein below, the Marks Defendants, Sonya Adams, Valerie Williams, and Dillion Evans are an association-in-fact enterprise ("Enterprise"), as that term is defined in 18 U.S.C. Section 1961(4). The Enterprise has functioned as a continuing unit and continues to the present under new aliases, dbas, and entities.

PLAINTIFF'S ORIGINAL COMPLAINT

7

26.     The Enterprise has/had an identifiable structure, with each person fulfilling a specific role to carry out and facilitate its purpose. This includes, but is not limited to, a referral network to funnel potential victims to different organizations/entities and psychics, individuals who engage with the client to set up payment, and different individuals who maintain the banking accounts across different states and under different names. The Enterprise engages in, and its activities affect, interstate commerce.

27.     The Enterprise exists separate and apart from the pattern of racketeering activity alleged herein. Throughout the period at issue, the Enterprise offered psychic services to individuals, all the while creating a referral network for bigger targets to extort via the communication of false, future threats to loved ones and the promise of refundable "deposits" that would never be refunded. The Enterprise existed prior to Plaintiff and is an ongoing organization.

28.     As a direct and proximate result of the Defendants' conduct as set forth herein, Elie was injured by paying sums to Defendants arising from the pattern of racketeering activity.

B.      *Count Two – Conspiracy to Violate 18 U.S.C. Section 1962(c)*

29.     Plaintiff incorporates as though fully set forth herein, each allegation contained in the paragraphs above.

**PLAINTIFF'S ORIGINAL COMPLAINT**

30.     Defendants willfully combined, conspired, and agreed with one another and with others to violate 18 U.S.C. Section 1962(c), that is, to conduct and/or participate, directly or indirectly, in the affairs of the Enterprise, the activities of which were conducted through a pattern of racketeering activities, in violation of 18 U.S.C. Section 1962(d).

31.     As set forth above, two or more persons agreed to commit a substantive RICO offense. As also set forth herein, the Defendants knew of the essential nature of the Enterprise and agreed to the objective of the RICO offense. The object of this conspiracy was to defraud and extort Plaintiff. As a direct and proximate result of the Defendants' conduct as set forth herein, Plaintiff was injured by paying sums based upon fraudulent representations and fraudulent threats to family members and payment of sums obtained by Defendants through means of extortion.

C.     *Count Three – Common Law Fraud*

32.     Plaintiff incorporates as though fully set forth herein, each allegation contained in paragraphs above.

33.     Defendants have made or caused to be made false and fraudulent material misrepresentations of fact to Plaintiff; specifically, false and misleading statements and representations regarding the characterization of payments being requested by Defendants from Plaintiff and statements regarding impending harm to Plaintiff's mother. The effect of the misrepresentations was that Plaintiff was willing to make payments to Defendants when he would not have otherwise.

PLAINTIFF'S ORIGINAL COMPLAINT

9

34.     At the time the statements and representations were made, Defendants were aware of the falsity of the misrepresentations.

35.     Defendants made said misrepresentations with the intent to deceive Plaintiff, and with the intent that Plaintiff would act on the misrepresentations by paying sums to Defendants.

36.     Plaintiff relied on these misrepresentations when he made certain payments to Defendants. Plaintiff has been damaged as Defendants refuse to return the payments characterized as refundable deposits. Plaintiff is also entitled to consequential damages and exemplary damages in an amount to be determined at trial.

D.     ***Count Four – Common Law Conspiracy***

37.     Plaintiff incorporates as though fully set forth herein, each allegation contained in paragraphs above.

38.     Beginning at least a decade ago and continuing through the present, Defendants have willfully combined, conspired, and agreed with each other to defraud victims, including Plaintiff. Defendants, in combination with themselves and others, knowingly made false and misleading statements regarding their psychic abilities, the psychic abilities of others, and the ability to predict the occurrence of life-threatening diseases. These statements went beyond what would be expected of psychic services for entertainment purposes as they involved threats of harm to loved ones if the client/victim did not acquiesce in paying the requested sums. Similarly, the conspiracy involved false and misleading statements regarding the refundability of the "deposits" that were to be paid.

**PLAINTIFF'S ORIGINAL COMPLAINT**

10

39.     The object of the conspiracy was to defraud victims, including Plaintiff. There was a meeting of the minds and agreement on this course of action by each Defendant, and each Defendant played a specific role in the overall scheme to defraud Plaintiff and others. The Defendants, separately or in concert with other Defendants and/or other parties, committed overt, unlawful acts in furtherance of this course of action.

40.     The false and fraudulent misrepresentations alleged above were made by Defendants and others with the purpose and intent to deceive Plaintiff and others, and to induce Plaintiff to pay Defendants sums of money.

41.     As a direct and proximate result of Defendants' conduct, Plaintiff has paid sums due to the misrepresentations that are still outstanding.

42.     Plaintiff is also entitled to consequential damages and exemplary damages in an amount to be determined at trial.

## V.
## DAMAGES FOR PLAINTIFF

43.     Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

44.     As a direct and proximate result of the acts described above, Plaintiff has suffered injuries and damages for which Plaintiff seeks recovery from Defendants. Specifically, Plaintiff seeks recovery of all amounts paid to Defendants, over $90,000.00.

**PLAINTIFF'S ORIGINAL COMPLAINT**

45.     As to the RICO violations, Plaintiff is entitled to trebling of these damages pursuant to 18 U.S.C. Section 1964(c), of $270,000.00, and entitled to attorneys' fees and costs in an amount to be determined by the Court.

### PRAYER

46.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, the Court enter a judgment against Defendants, each of them jointly and severally:

    a.     Upon the First Claim for Relief, all damages resulting from Defendants' violation of Title 18, United States Code, Section 1962(c), including prejudgment interest, the sum trebled pursuant to Title 18, United States Code, Section 1964(c);

    b.     Upon the Second Claim for Relief, all damages resulting from Defendants' violation of Title 18, United States Code, Section 1962(d) by conspiracy to violate Title 18, United States Code, Section 1962(c), including prejudgment interest, the sum trebled pursuant to Title 18, United States Code, Section 1964 (c);

    c.     Upon the Third Claim for Relief, all damages resulting from Defendants' fraudulent conduct;

    d.     Upon the Fourth Claim for Relief, all damages resulting from Defendants' conspiracy;

    e.     For the costs of suit including reasonable attorneys' fees in accordance with 18 U.S.C. Section 1964(c);

    f.     Prejudgment interest and Post-judgment interest at the maximum rate allowed by law;

    g.     Exemplary damages in such amount as the finder of fact may award at its discretion; and

h.    such other and further relief to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

**SCOTT H. PALMER, P.C.**

/s/ Scott H. Palmer
SCOTT H. PALMER
State Bar No. 00797196
PAUL E. GREEN
State Bar No. 24081405
GRANT K. GERLEMAN
State Bar No. 24083065

15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone:   214.987.4100
Facsimile:    214.922.9900
scott@scottpalmerlaw.com
grant@scottpalmerlaw.com
paul@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL COMPLAINT**